**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50187 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00301-GW-1 |
| v. | |
| CALVIN CHARLES COLBERT, Jr., AKA Cal, AKA Calvin Colbert, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted October 9, 2013
Pasadena, California

Before: PAEZ and HURWITZ, Circuit Judges, and ERICKSON, Chief District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Ralph R. Erickson, Chief District Judge for the U.S.
District Court for the District of North Dakota, sitting by designation.

Calvin Colbert appeals his conviction and sentence for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B)(iii), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not err when it denied Colbert's motion to suppress the evidence seized under the search warrant on the basis that Officer Gerald Beall's affidavit included alleged misstatements and omissions in violation of *Franks v. Delaware*, 438 U.S. 154 (1978). Although Beall's affidavit included ambiguous statements that made the source of some of the observations in his affidavit uncertain, the district court did not clearly err when it found that Beall was credible and did not seek to mislead the magistrate judge by leaving attribution of the observations ambiguous.

As the district court noted, Beall was part of an investigative team that made real-time reports of observations to Beall, some of which he included in his affidavit. An affidavit need not specifically and accurately attribute each reported observation. *See United States v. Sitton*, 968 F.2d 947, 955 (9th Cir. 1992). Unlike the officer in *United States v. Davis*, 714 F.2d 896 (9th Cir. 1983), where

2

false attribution violated *Franks*, Beall did not explicitly state in the affidavit that he observed something he did not, in fact, observe.

2.     The district court did not err when it ruled that Beall's pre-*Miranda* questions, and Colbert's responses, about weapons on Colbert's body were admissible under the public safety exception. *See New York v. Quarles*, 467 U.S. 649, 656, 658 (1984).

Although Beall had subdued and handcuffed Colbert "a couple minutes before" he posed the disputed questions, weapons and dangerous objects on Colbert's body still posed a danger to Beall, who was about to conduct a body search. Beall's questioning fits within the public safety exception because he asked Colbert whether he had any weapons on his body. Colbert's response included unsolicited information about the location of the firearm. Spontaneous, unsolicited information in response to a question that falls within the parameters of the public safety exception is admissible. *United States v. Carrillo*, 16 F.3d 1046, 1050 (9th Cir. 1994).

3.     The district court did not abuse its discretion by admitting a photograph of a text message from an individual named "Monae" on a cell phone the officers seized from the hotel room where they arrested Colbert. At trial, Colbert testified that he did not know anyone named Monae. The government sought to introduce

3

the photograph as circumstantial impeachment evidence that Colbert, in fact, did know Monae. After establishing that the phone belonged to Colbert, the government called a witness to the stand to establish that she took the photograph of the text message showing that the message was from a person whose name was programmed into Colbert's phone. In light of this evidence, the district court did not err in concluding that there was sufficient authentication of the photograph as required by Federal Rule of Evidence 901(a) to warrant its admission.

4.      The district court did not err when it ruled at an *in limine* hearing that it would allow Colbert to call Beall as a witness only if Beall's testimony was relevant to Colbert's case-in-chief, but not to offer it solely for purposes of impeachment. After the government rested its case, Colbert made no attempt to call Beall to testify. Colbert's failure to attempt to call Beall after the government's case-in-chief is fatal to his argument on appeal. *See Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 689 (9th Cir. 2001).


AFFIRMED.